■ In the Matter of Esta Ress et al., Appellants, for the Appointment of a Guardian of the Person and Property of Ada Leventhal, Deceased, Respondent. [778 NYS2d 489]—

Appeal from order, Supreme Court, New York County (Wil-

liam J. Davis, J.), entered March 24, 2003, which, in a proceeding under Mental Hygiene Law article 81, inter alia, denied petitioner guardians' application for legal fees, deemed, pursuant to CPLR 5517 (b), to be taken from the subsequent order, same court and Justice, entered June 19, 2003, which granted petitioners' motion for reargument to the extent of permitting them to make an application, in the first instance, to the Court Examiner for additional compensation for their efforts in connection with the Equitable Life Insurance policy, and otherwise adhered to the prior order denying petitioners' application for a legal fee in connection with the Fleet Bank matter and for permission to pay a legal fee to outside counsel, and, so considered, the order of June 19, 2003 is unanimously affirmed, without costs.

Petitioner coguardian, an attorney, obtained reinstatement of the incapacitated person's insurance policy for home nursing care, and through substantial efforts, but prior to litigation, recovered very significant proceeds under that policy. Petitioner sought a legal fee for these efforts, but the IAS court denied the request on the ground that under recently promulgated 22 NYCRR 36.2 (c) (8), a guardian cannot be appointed his/her own attorney "unless there is a compelling reason to do so." That rule, which became effective January 1, 2003, codifies case law disfavoring the appointment of a guardian as his/her own attorney except in "unique circumstances" (*see Matter of Arnold O.*, 279 AD2d 774, 778 [2001]). However, it appears that the coguardian was confronted with unique circumstances here, and had a compelling reason, justifying his acting as his own attorney, namely, his inability to find an attorney who would handle the matter on a contingency fee basis due to a perceived unlikelihood of success. Accordingly, upon reargument, the IAS court properly granted petitioners' application, made to the Court Examiner, for additional compensation for their efforts in connection with the insurance policy. However, coguardian's efforts with respect to the Fleet Bank matter did not require any special legal skills or training warranting payment of a separate legal fee. Nor do petitioners show that their outside counsel rendered legal advice necessary to the administration of the estate. Concur—Mazzarelli, J.P., Andrias, Sullivan, Lerner and Gonzalez, JJ. [As amended Aug. 26, 2004.]